# Robison's Estate.

*Wills—Gift to children—Son by a divorced wife—Legacies—*
*Disinheriting heir—Circumstances when will was made—Presump-*
*tion.*

1. Where a testator gives his estate to his children or their heirs at the time of his death, in equal shares, with the provision that such shares shall be held by the children's guardian until they arrive at the age of twenty-five years, and it appears that at the time the will was executed, and at the time of his death, he was living with his second wife and five minor children by her, a son by his first wife, from whom he was divorced, is entitled to share in the distribution, although no family intercourse had existed between testator and such son for twenty-two years, if it appears that there w ⸱ nothing in the will, or in the circumstances under which it was made, indicating that such son was to be excluded.

2. The mere failure of decedent to have communication with his oldest son is not, under the circumstances, sufficient to raise a presumption that testator intended to exclude the son from the operation of the will.

3. The fact that the son was more than twenty-one years of age at the time the will was made, is immaterial in view of the fact that the shares of the children were not to be paid until they reached the age of twenty-five years.

4. An heir cannot be disinherited except by express words or necessary implication.

Argued October 22, 1919. Appeal, No. 87, Oct. T., 1919, by Colonial Trust Company, from decree of O. C. Allegheny Co., March T., 1919, No. 281, dismissing petition for citation to account, in Estate of William Robison. Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ. Affirmed.

Petition for citation to account. Before Miller, J.

From the record it appeared that testator died on May 26, 1912, leaving a will dated March 2, 1910. At the time of the making of his will he was living with his second wife, Carrie R. Robison, and five minor children by her.

On March 22, 1889, William Robison was married to Drusilla Riley. Prior to this marriage, on Feb. 23, 1889, a child, James Clyde Robison, the petitioner, was born to Drusilla. In 1890, William Robison separated from his wife and subsequently she obtained a divorce from him on the ground of desertion. From the time of the desertion in 1890, until testator's death, there had been no family intercourse between testator and petitioner. The case turned upon the right of the petitioner to share as a child in the distribution of testator's estate. The court directed that the respondent, the Colonial Trust Company, file an account. Exceptions to this decree were overruled. The Colonial Trust Company, executor and trustee, appealed.

*Error assigned* was decree overruling the exceptions.

*S. S. Robertson,* for appellant.—The actual, personal intent of the testator was not to include James Clyde Robison: Carroll v. Burns, 108 Pa. 386; Mulliken v. Earnshaw, 209 Pa. 226; Woelpper's App., 126 Pa. 562; Tyson's Est., 191 Pa. 218; Buchanan v. Duncan, 40 Pa. 82.

*Joseph M. Friedman,* for appellee.—A prospective heir to real estate can be disinherited only by express words or necessary implication arising from them: Luce v. Harris, 79 Pa. 432; Dickson v. Edwards, 263 Pa. 364; Hoyt's Est., 236 Pa. 433.

OPINION BY MR. JUSTICE FRAZER, January 12, 1920:

William Robison died in 1912, leaving a will dated two years previous to his death, in which, after making various provisions for the payment of debts and certain legacies, the residue of his estate was devised "unto my children or their heirs at the time of my death, in equal shares, and in case of a deceased child, the child or children of such deceased child to take the portion that the parent would take if living." This provision was

followed by a direction that the property so disposed of should be held by the children's guardian, subsequently named, "until they arrive at the age of twenty-five years, respectively, when each child shall receive his portion of my estate absolutely." The Colonial Trust Company, the present appellant, was appointed "guardian of my children" and also "executor and trustee of this my last will and testament."

At the argument it was agreed, in a writing filed by counsel for the parties, that the Colonial Trust Company has in its possession money which, if appellee is entitled to share as a child of testator, shall be paid to him without regard to the manner in which the fund is held. All objection to the form of procedure in the court below was waived and the question for determination here limited to whether testator in his will intended to include appellee as one of his children.

Decedent, at the time of executing his will, and at the time of his death, was living with his wife and five minor children. Petitioner, asking for an account, claims to be entitled to participate in the distribution of the residuary estate as the son of testator by a former wife to whom testator was married in 1889, but from whom he shortly afterwards separated, which action was followed by a divorce obtained by the wife on the ground of desertion. The Colonial Trust Company, guardian, in answer to petitioner, demanded proof as to the legitimacy of petitioner and also alleged as a defense that he was not within the contemplation of testator at the time the will was written. The court below decided in favor of petitioner on both questions and in this appeal appellant acquiesces in the conclusion of that court, in so far as the question of legitimacy of appellant is concerned, and presents to this court the single question whether testator intended to include the petitioner as one of his children in the gift of his residuary estate, as above indicated. That petitioner is a lawful heir of testator must be conceded and, consequently, he comes within the

familiar rule of law to the effect that he cannot be disinherited except by express words or necessary implication: Luce v. Harris, 79 Pa. 432; Dixon v. Edwards, 263 Pa. 364. We find no express words of disinheritance in the will, but, on the contrary, it appears petitioner is clearly within the class created by the residuary gifts to testator's children. Nor do we find in the will, or circumstances under which it was made, anything indicating, or that can be construed as, an exclusion of petitioner by necessary implication. The use of the word "children" necessarily implies all children and an intention to treat all alike: Hoch's Est., 154 Pa. 417. It is true there was no family intercourse between testator and petitioner following the separation of petitioner's parents in 1890; this feature of the family situation, however, is satisfactorily explained by the fact that decedent remarried and had children by his second wife; consequently, that a cordial relation did not exist between the two families, in view of all the circumstances, is not unusual. The mere failure of decedent to have communication with petitioner is not, under this situation, sufficient to raise a presumption that testator in making his will in which he referred to his "children," without further designation or limitation, intended to exclude one of them.

The argument that petitioner was more than twenty-one years of age at the time the will was executed and, consequently not within the clause creating guardianship in the Colonial Trust Company, is fully answered so far as the question of intent is concerned, by the fact that the guardianship and subsequent trusteeship was to continue until the children reached the age of twenty-five years and not merely the age of twenty-one.

The decree of the court below is affirmed. Costs to be paid by appellant.