## Witman, Appellant, *v.* Webner et al.

Argued January 3, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

504

*Charles H. Weidner,* with him *Anna Dickinson* and *Stevens & Lee,* for appellant.

*Dawson H. Muth,* with him *Mark C. McQuillen* and *Body, Muth & Rhoda,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, March 19, 1945:

This case hinges on the construction to be given to the words in a deed: *"the children of the said Ludwig G. Webner now living, or that may hereafter be born to him."*

Ludwig G. Webner and Irene Kalbach were married in October, 1870. A son, James Kalbach Webner, was born to them in July, 1871. On September 16, 1871, Ludwig and Irene Webner executed a deed of trust to one J. H. Jacobs wherein they conveyed a property at the southeast corner of Second and Franklin Streets, Reading, which Ludwig had inherited from his father. By the terms of the deed the trustee was to "allow and permit the said Ludwig G. Webner and Irene, his wife, to hold the possession of the real estate herein described or to enjoy the rents, issues and profits of the same for and during the term of their natural lives and the life of the survivor of them. The same to be for the maintenance and support of themselves and of the children lawfully begotten by the said Ludwig G. Webner, without being in any way liable for any debts or engagements which the said Ludwig G. Webner or his wife may hereafter contract or be liable for. And in further trust that immediately upon the decease of the said Ludwig G. Webner and Irene, his wife, or the survivor of them, the said J. H. Jacobs . . . shall grant and convey the real estate hereinbefore described in fee simple to *the children of the said Ludwig G. Webner now living, or that*

*may hereafter be born to him,* their and each of their heirs and assigns, as tenants in common in fee simple, share and share alike, . . ."

In April, 1874, Ludwig and Irene Webner were divorced without having had any children other than James. Irene then married one William F. Witman, whereupon James assumed the name of James K. Witman; there were no children of this marriage. Ludwig also remarried and two children were born to him and his second wife, Anna S. Webner, namely, Frederick L. Webner and Regina Webner, now Regina W. Rhine. James K. Witman died in March, 1916, intestate and childless, leaving to survive him his wife Zipporah D. Witman, plaintiff herein, to whom there was appraised and set aside, by decree of the Orphans' Court of Berks County, as her statutory exemption of $5,000, properties including the one at Second and Franklin Streets. Ludwig G. Webner died in June, 1920, intestate, leaving to survive him his widow Anna and their two children. Irene Witman died in November, 1937.

In June, 1938, plaintiff and the defendants Frederick L. Webner and Regina W. Rhine [1] signed and delivered to American Oil Company, the lessee of the premises, a certification in which it was stated that these three were the owners of the property as tenants in common. Plaintiff, alleging that she executed this certification under a mistake of law and fact, brought the present bill in equity to have it set aside as a cloud on title, her contention being that, having succeeded to the interest of her deceased husband, James K. Witman, she alone was entitled to the property. Defendants Frederick L. Webner and Regina W. Rhine claimed that James was not the lawful son of Ludwig, and that they, as children of Ludwig by his second wife, were the sole remaindermen under the deed of trust; they therefore asserted that the

---

[1] Defendant Lewis Rhine is joined only as the husband of Regina W. Rhine, and defendant American Oil Company only as lessee of the property but without any real interest in these proceedings.

certification was a cloud on *their* title and should be removed as such. The court below found as a fact that James *was* the lawful child of Ludwig,[2] but that the deed of trust created a vested remainder in *all* the children of Ludwig whether by his first or second wife, and that Zipporah D. Witman, Frederick L. Webner and Regina W. Rhine were equal owners of the property as tenants in common. Accordingly the court dismissed plaintiff's bill and also refused defendants' prayers for relief.

Because the deed of trust explicitly provided that upon the death of the life tenants the property was to be conveyed to the children of Ludwig "now living, *or that may hereafter be born to him*," no problem is here involved as to the inclusion or exclusion of children depending upon the time of their birth. The only question is whether the settlors intended to confine the class of "children" to those born of the marriage of Ludwig and Irene or to have it embrace also children of Ludwig that might be born to him of any subsequent marriage. The answer seems plain, for the words of the deed are themselves plain; it was obviously drawn by a lawyer since it evidences technical skill and professional exactitude, and had the intention been to limit the "children of Ludwig" to those born of his marriage to Irene the scrivener would undoubtedly have said "the children of Ludwig G. Webner *and Irene, his wife*", instead of merely "the children of Ludwig G. Webner". It is true that the settlors probably had no thought at that time of the possibility of a divorce, but it is also true that this property came to Ludwig by inheritance from his father, and it would be natural, under such circumstances, to suppose that the intention would be to have it pass to *his* children generally, without regard to their *maternal* parentage. As far as his wife Irene was concerned, by joining in the deed of trust she released her inchoate dower but she obtained instead a life interest in the entire property.

2 The present appeal is by plaintiff only, and this factual finding is therefore not questioned.

It is well settled that if a person qualifies within the exact meaning of language describing a class he will be held to be a member of that class unless other language in the instrument expressly or by clear implication indicates a contrary intent: *Robison's Estate,* 266 Pa. 251. 109 A. 924; *Hogg's Estate,* 329 Pa. 163, 196 A. 503; *Rosengarten Estate,* 349 Pa. 32, 39, 36 A. 2d 310, 313, 314. Defendants say that this principle applies only to wills whereas the deed of trust was in the nature of a postnuptial settlement, and, as in the case of marriage settlements, the parties presumably intended to provide for the issue of *that* marriage. Conceding, arguendo, that the deed partook of the features of such a settlement, and giving full weight to any "presumption" resulting therefrom, the fact remains that the language of the deed is unambiguous and, while it did provide for the issue of the then existing marriage, it clearly indicates that the ultimate beneficiaries were to include any other children of Ludwig G. Webner that might be born to him. It is argued that if the term "children" in the clause which granted life interests to Ludwig and Irene "for the maintenance and support of themselves and of the children lawfully begotten by the said Ludwig G. Webner" were to be construed as extending to those born to Ludwig of any subsequent marriage, the consequence would be that Irene, his first wife, would have had to "maintain and support" the children of his later marriage, and that this could not have been the intention. But no such result would have followed, because a provision of this nature does not carry any legal or enforceable interest as far as the children are concerned, the rule being that "expressions for the support or maintenance of a beneficiary and the support, instruction and education of the beneficiary's children are considered explanatory of the object of the gift and not as vesting any interest in the children referred to; they are regarded as explanations of the motive for making the gift and not as limitations of it": *Cunningham's Estate,* 340 Pa. 265, 272, 16 A. 2d 712, 715.

508

Decree affirmed; costs to be borne equally by Zipporah D. Witman, Frederick L. Webner and Regina W. Rhine.