9 N.J. Super. 586 (1950)
76 A.2d 41
HENRY MAXWELL DOYLE, PLAINTIFF,
v.
BANK OF MONTCLAIR, A CORPORATION OF NEW JERSEY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 18, 1950.
*587 Messrs. Gilhooly & Yauch (Mr. Edward J. Gilhooly appearing), attorneys for plaintiff.
Mr. Philip Goodel, attorney for the defendants, Bank of Montclair and Paul D. Adams and the other former directors of the Bank of Montclair in dissolution as liquidating trustees.
Mr. John F. Connolly, attorney for the defendant, Lillian Doyle and Lillian Doyle, guardian ad litem for Donna Maxwell Doyle and Michael Maxwell Doyle.
STEIN, J.S.C.
Plaintiff, the donor or settlor of an inter vivos trust, by this action seeks to revoke the trust.
On May 29, 1936, plaintiff, Henry Maxwell Doyle, executed the trust agreement under consideration and thereby transferred to the Bank of Montclair as trustee securities of the value of approximately $25,000 upon the following trusts:
"1. To hold and manage the said investments and funds and to keep them invested and to reinvest the same from time to time, and to collect the income.
"2. As long as the Donor shall live, to pay the income to him, as collected, it being understood and agreed that the Trustee may reserve *588 sufficient of the income collected from time to time so as to make disbursements to the Donor in weekly installments throughout the year, of approximately equal amount.
"It is understood and agreed that no assignment, either by act of the Donor or by operation of law, shall be binding or valid as affecting either the income or corpus of the fund.
"In the event of the Donor's extreme need for financial assistance, arising from the illness of or accident to the Donor, or in the event of some other extreme emergency existing, so that the Donor is in need of funds, and, in the sole discretion of the Trustee, the emergency or need is sufficient to justify the use of part of the corpus of this trust, the Trustee may from time to time pay to the Donor, or disburse in his behalf, sums from the principal of the fund.
"3. On the death of the Donor the trust shall cease, and the accumulated and accrued income, if any, and the principal of the fund, as it then stands, shall be paid as Donor, by his last will and testament, duly executed and in form to be probated in the jurisdiction of his residence, and actually probated, shall direct, or, failing such direction, to his heirs at law if there be any real estate in the fund, and his next of kin, as determined by the statutes of descent and distribution of the State of New Jersey at the time of his death * * *."

* * * * * * *
"5. This trust shall be irrevocable * * *."
This is a motion for summary judgment. Plaintiff in his affidavit in support thereof says he was influenced in the making of the trust by members of his family because of his addiction to alcohol and consequently his inability to manage his affairs. Subsequently he overcame his failing, became married and now has two children. He is engaged in his own business and presently is in dire financial circumstances, hence his anxiety to terminate the trust. On this motion it is only necessary to consider the provisions of the trust instrument.
A donor of a trust may terminate the trust where he is the sole beneficiary even though the trust instrument specifically provides that it shall be irrevocable. Restatement, Trusts, § 339, Comment: a.
It is essential primarily to determine who is, or are the beneficiary or beneficiaries under this trust. By the terms of the trust indenture under consideration, plaintiff, the settlor, is to receive the income for life; the corpus is to go to whomever the settlor may appoint by his will, and failing such *589 appointment, then "to his heirs at law if there be any real estate in the fund, and his next of kin." In determining who are the beneficiaries of the trust, possible appointees under the testamentary power may be excluded, for the reason they have no interest in the trust pending the death of the settlor. Fidelity Union Trust Co. v. Parfner, 135 N.J. Eq. 133. The heirs at law may be excluded for the reason there is no real estate in the trust. It remains then to determine what the settlor meant by next of kin. Such intention must be found in the trust instrument.
In the Restatement, Trusts, § 127, we find the following:
"* * * If it is provided by the terms of the trust that the income shall be paid to him for life and that upon his death the principal shall be paid as he may by will appoint and in default of appointment to his heirs or next of kin, the fact that he has omitted to reserve a power to appoint in any way except by will is some indication that he intended to make his heirs or next of kin beneficiaries of the trust and to confer an interest upon them of which they cannot be deprived except by a testamentary appointment; but it is not of itself sufficient to overcome the inference that he intended to be sole beneficiary of the trust."
By the third paragraph the donor provides that upon his death the trust shall cease, and the accumulated income, if any, together with the principal of the fund, shall be paid as donor by his will shall direct, or, failing such direction, to his heirs at law if there be any real estate in the fund, "and his next of kin, as determined by the statutes of descent and distribution of the State of New Jersey at the time of his death."
It seems clear that what the donor intended was that upon his death, the fund was to be turned over to his personal representatives as a part of his estate not disposed of if he failed to make a will. If my construction is correct, the term "next of kin" as used in this paragraph merely indicates a reversion, retained by the donor, and he alone is beneficiary and can revoke the trust.
"* * * So also, the settlor is sole beneficiary where he transfers property in trust to pay the income to him for life and upon his death *590 to convey the principal as he may by deed or by will appoint, although it is provided that in default of appointment the property shall be conveyed to his heirs or next of kin." Restatement, Trusts, § 127, at page 321.
Evidence that it was the settlor's intention that he was to be the sole beneficiary of the trust is also to be found in the second sub-paragraph of paragraph 2 where it is provided that the trust fund may be used for the settlor's needs. This indicates that he had no other beneficiaries in mind when he created the trust. My conclusion is that the settlor is the sole beneficiary of the trust and may revoke it.
Since the execution of the trust and on June 30, 1950, the Bank of Montclair, the trustee under the trust agreement, dissolved and filed its certificate of dissolution with the Secretary of State. In such circumstances the trust agreement provides that the settlor shall forthwith nominate a new trustee, and upon his failure so to do, the trustee may apply to the court to be relieved of its duties and the order of the court shall prevail in the premises. The settlor has refused to nominate a successor trustee but in his supplemental complaint requests the appointment of a substituted trustee. The surviving directors of the Bank of Montclair, the original trustee, by their answer join in this request. Inasmuch as the National Newark & Essex Banking Company has purchased the assets of the Bank of Montclair, has retained the personnel of its trust department and maintains an office in its former bank building, said National Newark & Essex Banking Company will be appointed substituted trustee for the purpose of terminating the trust.