Schellentrager, Appellant, *v.* Tradesmens National Bank and Trust Company.

502

Argued April 18, 1952. Before Drew, C. J., Stearne, Jones, Bell, Chidsey and Musmanno, JJ.

*William Carson Bodine,* with him *David Chew Stephenson, John D. M. Hamilton, Henry L. Shepard* and *Pepper, Bodine, Stokes and Hamilton,* for appellant.

*Rodney I. Bonsall,* with him *Evans, Bayard & Frick,* for appellee.

OPINION BY MR. JUSTICE JONES, May 26, 1952:

In 1927 Edward J. Schellentrager, the plaintiff, executed a deed of trust to the Guarantee Trust and Safe Deposit Company, of Philadelphia, as trustee, in favor of certain named beneficiaries. Subsequent to the execution and delivery of the trust deed, the defendant, Tradesmens National Bank and Trust Company, accepted the trust and assumed the duties of trustee thereunder. The deed of trust contains the following presently material provision: "Settlor expressly declares that this trust is irrevocable but the right is reserved to Settlor to direct during his lifetime, any variations in the manner and amounts in which the income shall be best applied for the benefit of any beneficiary or beneficiaries, and also the right to eliminate any beneficiary or beneficiaries entirely and to substitute other beneficiaries under this trust if he should so desire." The deed also contains a spendthrift provision with respect to both income and corpus.

The plaintiff, as settlor, exercised the above-quoted power six times. By his latest supplementary amendment, which was made on June 21, 1947, he eliminated all beneficiaries named in the deed of trust and in his prior amendments and substituted himself both as the sole life tenant and remainderman. He then filed his bill in equity in the court below seeking termination of the trust and the return of the trust *res* to himself. The case was heard on bill and answer by the court

below which entered a decree dismissing the bill on the ground that the trust was irrevocable and gave the settlor no right to revoke or alter the designation of remaindermen.

The learned court below erred in concluding that the power to change beneficiaries was intended to be operative only with respect to the beneficiaries of the trust income. No logical basis for any such restrictive meaning of the term is apparent. Words are to be interpreted according to their usual and generally accepted meaning in the absence of a clear intent to the contrary. No such intent appears here. In the case of a trust, a beneficiary is one who has the enjoyment of or ultimate right to the property whereof the trustee for the duration of the trust has the legal title. Accordingly, the remaindermen of a trust are beneficiaries therof as are the life tenants. In *Witman v. Webner,* 351 Pa. 503, 507, 41 A. 2d 686, we said that, "It is well settled that if a person qualifies within the exact meaning of language describing a class he will be held to be a member of that class unless other language in the instrument expressly or by clear implication indicates a contrary intent."

The fact that the deed declared the trust to be irrevocable did not automatically make it so. It was only as irrevocable as the terms of the deed in operation permitted it to be. In any event, to say aribitrarily that the trust was irrevocable solely because of the declaration in the deed to that effect furnishes no reason for holding that the settlor's right to change beneficiaries was meant to include only income beneficiaries. On the contrary, the settlor's right to change remaindermen during his lifetime is the very thing that saves the trust from being violative of the rule against perpetuities. That is conceded on all sides, namely, by the court below, by counsel for the plaintiff and by counsel

for the defendant. If the trust *res* became fettered, so far as the remainder interests are concerned, upon delivery of the trust deed, then the period for ultimate vesting, allowed by the rule, began to run at that time: see Restatement, Property, §374, comment c, at p. 2179. But, as it is possible under the terms of the trust deed for the measuring life or lives to come into being after the creation of the trust, it is obvious that ultimate vesting of the remainder interests might be postponed beyond the period allowed by the rule against perpetuities. It was the settlor's reservation of the right to change the remaindermen that continued to his death the commencement of the running of the permissible period. As set forth in Restatement, Property, § 373,— "The period of time during which an interest is destructible pursuant to the uncontrolled volition and for the exclusive personal benefit of the person having such a power of destruction is not included in determining whether the limitation is invalid under the rule against perpetuities."

The learned court below implicitly recognized that the settlor's right to change the remaindermen was essential to the validity of the trust with respect to such interests. Yet, the court mistakenly held that the right to change beneficiaries did not include the right to change the remaindermen. As it is a court's duty, if reasonably possible, to construe written instruments so as to make them legally effective (*Wright's Estate,* 284 Pa. 334, 342, 131 A. 188), the error of the court below is apparent. The duty to so construe a written instrument as to render it legally valid, if possible, should, alone, have tipped the balance in favor of including remaindermen among the beneficiaries whom the settlor had the reserved power to change, had there been any substantial question on that score.

As the trustee concedes in its brief, if "the language

of the [trust] instrument can be construed to cover not only income, but also remainder beneficiaries . . . that ends the argument." With that, we agree. All interests in the trust *res*, both life and remainder, are now in the settlor, and it is his right to have the trust terminated despite the spendthrift provision which he could not invoke against his own creditors: see *Bowers' Trust Estate*, 346 Pa. 85, 29 A. 2d 519. In that case, Mrs. Bowers settled property in trust to herself for life with remainder to her son and included a spendthrift trust provision in the deed. Subsequently, the son assigned his remainder interest to his mother, the settlor. We allowed her to terminate the trust and, in an opinion by Mr. Justice STERN, said (p. 89),—"As far as the spendthrift provision of the deed is concerned, it never served any effective purpose because the settlor could not create a valid spendthrift trust in her property for her own use as against her creditors, and the property is subject to her debts and contracts as fully as if no spendthrift provision existed" (citing cases). In applying in the *Bowers* case, supra, the rules with respect to the termination of inter vivos trusts, as set forth in §§338 and 339 of the Restatement, Trusts, Mr. Justice STERN further said at pp. 88-89,—"Unfortunately the law in our own state has not heretofore been in accord with these pronouncements, due largely to the fact that our decisions have failed to give recognition to the difference between a testamentary trust, where the settlor, being deceased, cannot, and of course does not, consent to the termination desired by the beneficiaries, and a situation in which the settlor of an inter vivos trust is living and joins with the beneficiaries in requesting that the trust be terminated. What valid reason exists in the latter instance for denying the request, especially if the settlor is also the sole beneficiary? Such a denial in effect prevents a person from doing as he pleases with his own property."

In interpreting § 339 of the Restatement, Trusts, which declares that "If the settlor is the sole beneficiary of a trust and is not under an incapacity, he can compel the termination of the trust, although the purposes of the trust have not been accomplished," comment a states that "The rule stated in this Section is applicable although the settlor does not reserve a power of revocation, and even though it is provided in specific words by the terms of the trust that the trust shall be irrevocable. It is applicable although the purpose of the settlor in creating the trust was to prevent himself from mismanaging the property. It is applicable although by the terms of the trust it is provided that the beneficial interest should not be transferable or subject to the claims of creditors, such a restraint on the alienation of the beneficial interest is ineffective where the beneficiary is the settlor." And, comment c, which is especially pertinent to the facts of the instant case, states that,—"Although the settlor is not originally the sole beneficiary of the trust, if he subsequently acquires the interests of the other beneficiaries so that he becomes sole beneficiary, he can terminate the trust."

Accordingly, we are of the opinion that the learned court below erred in refusing to terminate the trust here involved.

Decree reversed and record remanded with direction that the prayer of the bill be granted; costs to be paid out of the trust estate.