30 N.J. Super. 267 (1954)
104 A.2d 74
BARBARA BRADLEY MANICE, PLAINTIFF,
v.
THE HOWARD SAVINGS INSTITUTION, A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 26, 1954.
*268 Mr. Saul J. Zucker for the plaintiff (Messrs. Kristeller and Zucker, attorneys).
Mr. Corwin Howell for the defendant (Messrs. Pitney, Hardin & Ward, attorneys).
FREUND, J.S.C.
The question for determination is whether the settlor may terminate an inter vivos "irrevocable" active trust agreement, which contains spendthrift trust provisions, on the ground that she has become the sole beneficiary.
On November 23, 1943 the plaintiff Barbara Bradley Manice, as settlor, entered into an agreement with the defendant The Howard Savings Institution, as trustee, under the terms of which she was to receive all of the income during *269 her life. She reserved the power to change the beneficiaries, but under no circumstances was there to be any modification which would give her any interest in the trust estate except the right to receive the income therefrom. As originally drawn, the instrument provided that upon the death of the plaintiff the trust property, consisting entirely of personalty, was to be distributed to her children or to the issue of deceased children, and upon failure of issue to other remaindermen. At the time she was married to Shelton Pitney, Jr. Subsequently, they were divorced and she remarried. On July 12, 1951, pursuant to the reserved right to change the beneficiaries, the plaintiff entered into an amendatory agreement with the defendant, revoking the provisions for distribution of the corpus and instead directed that at her death all trust property should be transferred to her testamentary trustees and distributed to the beneficiaries named in her will; and if she should die intestate, to those who would be entitled to take under the intestacy laws of this State. The agreement contained provisions authorizing the trustee to invest and reinvest the property. Some time thereafter, in 1953, the plaintiff demanded that the trust be terminated and that the defendant deliver the trust assets to her, which was refused.
The plaintiff contends that being the sole beneficiary of the life income and having the unrestricted right to designate the remaindermen, she is the sole beneficiary; and, therefore, has the right to revoke the trust, notwithstanding the provision that the trust was to be "irrevocable." The defendant resists on the ground that the trust is an active one and that the amendment to the extent that it may be considered to have changed the settlor's life estate into an unqualified fee was unauthorized and a nullity.
Where the settlor's power to modify a trust is unrestricted, he can so modify it as to exclude all the beneficiaries, and make himself the sole beneficiary, and, therefore, an unrestricted power to modify includes a power to revoke the trust. Scott on Trusts, § 331.2, p. 1812; Restatement, Trusts, § 331 h, p. 1002.
*270 Once it is determined that the settlor is the sole beneficiary, it is generally held that he can terminate the trust and compel the trustee to reconvey the trust property to him, even though the agreement expressly provides that he should have no power to revoke it and even though the purposes of the trust have not been fully accomplished. Since no one but the settlor has any beneficial interest in the trust, if he is not under a legal disability, he should be permitted to do with it as he wills, regardless of the prudence of its creation.
In interpreting and construing the trust instrument in the instant case, it should be considered that the property involved was the settlor's own and that by virtue of the expressed reserved power to change the beneficiaries, no one acquired any right under the instrument, except that of the defendant to administer the trust in accordance with its terms. Where, as here, the owner of property transfers it inter vivos in trust to pay the income to himself for life and upon his death to convey the property to his estate, or as he might by deed or will appoint, he is the sole beneficiary of the trust. Scott on Trusts, § 127.1, p. 655; Restatement, Trusts, § 127, p. 321.
The cases in this State, and those of the greater weight of authority in other jurisdictions, have uniformly held that under similar circumstances the settlor has the right to terminate the trust. Hamilton Trust Co. of Paterson v. Bamford, 102 N.J. Eq. 454 (Ch. 1928), affirmed 105 N.J. Eq. 249 (E. & A. 1929); Fidelity Union Trust Co. v. Parfner, 135 N.J. Eq. 133 (Ch. 1944); Ampere Bank and Trust Co. v. Esterly, 139 N.J. Eq. 33 (Ch. 1946); Doyle v. Bank of Montclair, 9 N.J. Super. 586 (Ch. 1950); Fidelity Union Trust Co. v. Margetts, 7 N.J. 556 (1951); Dreyer v. Lange, 74 Ariz. 39, 243 P.2d 468 (Sup. Ct. 1952); Bixby v. California Trust Co., 33 Cal.2d 495, 202 P.2d 1018 (Sup. Ct. 1949); Security Trust Co. v. Sharp, 77 A.2d 543 (Del. Ch. 1950); Sutliff v. Aydelott, 373 Ill. 633, 27 N.E.2d 529 (Sup. Ct. 1940); Conroy v. Title Guaranty & Trust Co., 271 App. Div. 200, 62 N.Y.S.2d 926 (Sup. Ct. 1946); Long v. Tradesmen's Nat. Bank & Trust Co., 108 Pa. Super. 363, *271 165 A. 56 (Super. Ct. 1933); Schellentrager v. Tradesmens Nat. Bank & Trust Co., 370 Pa. 501, 88 A.2d 773 (Super. Ct. 1952); Annotation, 16 A.L.R.2d, pages 694, 714.
The Doyle case is in point. The defendant attempts to distinguish it, because there the settlor in the original instrument provided that her estate should be distributed in accordance with her last will and testament, and if she died intestate, then to her heirs-at-law and next-of-kin, while in the instant case such provisions appear in the amended instrument. In other words, in the Doyle case the power to control the ultimate disposition was in the settlor from the outset, whereas here the original instrument was subject to the qualification that the settlor's interest was not to be enlarged in her lifetime. However, I do not consider this argument persuasive. Even in cases where there was no reserved power of revocation, as in the Parfner and Doyle cases, supra, and even where there was an express provision that the trust should be irrevocable, as in the Doyle case, the courts have held that the settlor being the sole beneficiary could terminate the trust. The qualification in the trust agreement that the settlor's interest was not to be enlarged is no more restrictive than an express stipulation of irrevocability and hence does not prevent termination of the trust, since she is the sole beneficiary of the income for life and has the absolute power of disposition of the corpus.
That the trust is active and not passive does not alter the settlor's right to terminate as no other person has any interest in the res. Active trusts were involved in the Hamilton Trust Co. and Doyle cases, supra. See also Long v. Tradesmen's Nat. Bank & Trust Co., supra. Nor does the spendthrift trust provision preclude termination because a settlor cannot create a spendthrift trust for his own benefit. Griswold, Spendthrift Trusts, § 497; Scott on Trusts, § 156, p. 782; Restatement, Trusts, § 156, p. 339.
Judgment accordingly.