## Murdock Trust

*Harold B. Bornemann,* for petitioner.

*C. Harold Meyers,* for guardian ad litem.

REIMEL, J., February 14, 1956.—Petitioner, by indenture dated June 16, 1924, created an inter vivos trust under the terms of which her trustee was directed to pay the net income to her, the settlor, during the term of her natural life, and, upon her death, to pay the corpus as she might direct by will, or failing to exercise the power of appointment, then, in such event, to the persons entitled thereto under the Intestate Laws of the Commonwealth of Pennsylvania.

Petitioner is 53 years of age, married, and has three children, all of whom are sui juris. Testimony taken at the audit discloses that her only next of kin, in addition to her children, is a half-sister, Helen Cramp Rumbaugh, and a second cousin, the Honorable Byron A. Milner. It further appears that she is unable to bear further issue, that her children as well as her half-sister have joined in the prayer of the petition and have executed an assignment to the settlor of their respective right, title and interest, if any, as contingent remaindermen under the deed of trust.

Although the settlor is not originally the sole beneficiary of the trust she has subsequently acquired the interests of the contingent beneficiaries by assignment so that she is now the sole beneficiary within the meaning of the A. L. I. Restatement of the Law of Trusts, §339, which provides for the termination of a trust by a beneficiary who is not under any incapacity.

All interests in the trust res, both life and remainder, are now vested in the settlor and it is her right to compel the termination of the trust even though it is provided specifically by the terms of the trust that the said trust shall be irrevocable. This situation is quite different from that of a testamentary trust where the settlor, being deceased, cannot consent to the termination. The Supreme Court of Pennsylvania in adopting sections 338 and 339 of the A. L. I. Restatement of the Law of Trusts recognizes the right of the sole beneficiary of an inter vivos trust to terminate it, if she so pleases: Schellentrager v. Tradesmens National Bank and Trust Company, 370 Pa. 501, 506, 507; Bowers' Trust Estate, 346 Pa. 85.

Accordingly, we are of the opinion that the petition to terminate the trust must be granted and we therefore enter the following

### Order

And now, to wit, February 14, 1956, after full consideration of the testimony presented at the hearing in the above case and of the briefs submitted by counsel for petitioner and trustee ad litem, the prayer of the petition for termination of trust filed by Margery Baum Murdock, settlor under deed of trust dated June 16, 1924, is granted and the assets comprising the principal thereof are awarded to said petitioner absolutely freed and discharged of the said trust in accordance with the decree bearing even date herewith confirming the account of the substituted trustees thereunder.