**Gordon Trust**

*Robert W. Lentz*, for petitioner.

KURTZ, P. J., November 28, 1973.—By a deed of trust executed June 15, 1957, Jane Fox Gordon, now Jane Fox Gordon Clapp, transferred certain securities to Philadelphia-Fidelity Trust Company upon the trust that it pay the income therefrom to her for life, and at her death transfer the principal to such persons as she would designate and set forth in her will. The deed further provided that, in default of such appointment, the principal of the trust should be divided into as many shares as the settlor may leave children then living, and children then deceased who left children then living, and that such shares should be held by the trustee and administered as follows:

"A. Trustee shall hold in further trust the share of a living child, during his or her life, and shall pay the principal upon such child's death, per stirpes, to his or her then living issue when he or she arrives at the age of twenty-five years; or in default of such issue, per stirpes, to Settlor's then living issue, the additional share of a then living child of Settlor to be added to and held or distributed as part of the original share of such child.

"B. Trustee shall hold in further trust, per stirpes, the share or shares of the child or children of Settlor's deceased children, under the terms of this trust agreement until each arrives at the age of twenty-five years, when he or she shall receive, per stirpes, the distributive share of the principal."

The deed also provided that the trustee in its discretion could use principal for the maintenance and support, educational requirements, medical and surgical expenses and other unusual needs of any of the income beneficiaries or their families, or any descendant of the settlor, and it contained a spendthrift clause providing that the interest of the beneficiaries should not be subject to anticipation or to voluntary or involuntary alienation. It further provided that if, in the opinion of the trustee, any beneficiary was incapable of properly using any payments of principal or income, the trustee could use the same for the maintenance and support of the beneficiary and his family. It was stipulated that the trust was irrevocable, subject, however, to the settlor's right to appoint the corpus as set out above.

The settlor has now petitioned for the termination of the trust, setting forth that its creation was instigated for the sole purpose of insulating her funds from the designs of her then husband with whom she was experiencing marital difficulties; that in 1967

she was divorced from that husband, and that in February 1969, she married her present husband. She further avers that the trust fund has been consumed by inflation since its inception at the rate of approximately 2.5 percent in real value, and that it has yielded approximately 3.8 percent annually in income. She sets forth that her present husband has had considerable experience in investment management and that he is now realizing 10 percent income yield on funds which he is managing. Her children, ages 21 and 19, respectively, both of whom are unmarried, have joined in her petition. The trustee neither joins in nor opposes the granting of petitioners' request.

Section 6102(a) of the Probate, Estates and Fiduciaries Code, Act of July 1, 1972 (No. 164), 20 Pa. S. §6102(a), provides for the termination of a trust where the original purpose has failed. However, that section contains a provision limiting the distribution of principal upon termination to $25,000. We need not here be concerned with that provision inasmuch as its predecessor, section 2 of the Estates Act of 1947, Act of April 24, 1947, 100, as amended by the Act of February 17, 1956, P. L. (1955) 1073, section 1, 20 PS §301.2, has been construed to apply only in those cases in which beneficiaries are not receiving adequate income for their maintenance, so that relief to the extent of $25,000 may be provided: Matthews Est., 28 D. & C. 2d 416, 421.

The situation which this case presents is not unlike the one considered by the Supreme Court in Schellentrager v. Tradesmen's National Bank and Trust Company, 370 Pa. 501. In that case, as in this one, the settlor sought to have an inter vivos trust terminated despite the fact that the trust instrument provided that it was irrevocable and that it contained a

spendthrift clause protecting the interests of the beneficiaries against anticipation and alienation. The court held that the provision which that trust instrument contained empowering the settlor to change beneficiaries, either life tenants or remaindermen, at any time as he might desire, had the effect of fixing all interests in the trust res in the settlor. It then applied the provisions of section 339 of the Restatement Trusts 2d. In that connection, the opinion of the court states:

"In interpreting §339 of the Restatement, Trusts, which declares that 'If the settlor is the sole beneficiary of a trust and is not under an incapacity, he can compel the termination of the trust, although the purposes of the trust have not been accomplished,' comment a states that 'The rule stated in this Section is applicable although the settlor does not reserve a power of revocation, and even though it is provided in specific words by the terms of the trust that the trust shall be irrevocable. It is applicable although the purpose of the settlor in creating the trust was to prevent himself from mismanaging the property. It is applicable although by the terms of the trust it is provided that the beneficial interest should not be transferable or subject to the claims of creditors, such as a restraint on the alienation of the beneficial interest is ineffective where the beneficiary is the settlor.' And, comment c, which is especially pertinent · to the facts of the instant case, states that: 'Although the settlor is not originally the sole beneficiary of the trust, if he subsequently acquires the interests of the other beneficiaries so that he becomes sole beneficiary, he can terminate the trust' ". 370 Pa. 507.

The last sentence from the above quotation is particularly applicable in the instant case. Although this settlor has not factually acquired the interests of

all other beneficiaries, their joinder in her petition produces the same effect. They are the only beneficiaries other than the settlor who have any interest in this trust at this time. Since they are unmarried and childless, there are no issue of deceased children who now have acquired any interest therein. Until such time as a member of that class comes into being, no interests other than those already noted in the settlor's children presently exist. Without donees, there can be no gift. There are presently no donees under the terms of this trust other than those mentioned above.

Furthermore, the determination of the existence of the other potential beneficiaries, i.e., the settlor's then living issue, referring to the time of a child's death without issue if the power of appointment is not exercised, must await the happening of a number of designated events. Until that time arrives and the chronology of events indicates that that gift comes into being, no interest in the trust is created for the benefit of that class of recipient.

In addition, we would point out that in the instrument now before us the settlor has reserved the right to appoint the trust corpus by will. The effect of that reservation is the equivalent of the reservation of the right to change beneficiaries, considered by the Supreme Court in Schellentrager. The effect of each upon the interest of the settlor is the same. The interests of all others mentioned in the deed are contingent or, at best, vested subject to be divested by the exercise of the powers reserved. Thus, the power to name the ultimate beneficiaries in the instant case remains with the settlor as it did in Schellentrager.

For these reasons, we will grant the prayer of the settlor's petition and terminate this trust, directing

that the trust corpus and all income accumulated therefrom be distributed to the settlor. Our adjudication will direct that that be done.