## Dunlap Trust

*William T. Dyer,* of *Morgan, Lewis & Bockius,* for petitioner.

*John B. Taulane, Jr.,* of *Gilfillan, Gilpin & Brehman,* for trustee.

KLEIN, P. J., November 29, 1974.—By deed of trust dated April 12, 1957, settlor transferred certain secur-

ties to the trustees, retaining the right to net income and up to $5,000 in principal per annum, noncumulative, and upon his death to pay the remainder to his estate. The trust is irrevocable as to the provisions for the payment of principal. The reason for filing the present account is the presentation by settlor of a petition requesting termination of the trust. A copy of the deed of trust, certified by counsel to be true and correct, is annexed hereto.

The original purpose of the trust was to segregate settlor's own investments under separate management because he was going into the investment brokerage business. In the intervening years, most of the original securities, which were initially valued at $146,965, were sold and the funds invested in a mortgage on settlor's residence in Maine which is carried in the account at a value of $87,500. No payments are being made on the mortgage and the gross income from the remaining securities from October 1972 to October 1974 was $2,645, of which approximately 33 percent went for trustee commissions.

Settlor is a widower with four adult children, all of whom have joined in the prayer of the petition to terminate the trust and distribute the principal and undistributed income to settlor.

It is clear that settlor is the only party with a beneficial interest in this trust. He is no longer engaged in the brokerage business, so that the initial purpose of the trust does not exist. Under these circumstances, there is ample authority for this court to terminate the trust: Restatement 2d, Trusts, §339; Long v. Tradesmens National Bank and Trust Company, 108 Pa. Superior Ct. 363 (1933); Bowers' Trust Estate, 346 Pa. 85 (1943); Schellentrager v. Tradesmens National Bank and Trust Company, 370 Pa. 501 (1952). I have, therefore, this day signed a decree terminating the trust.

All parties in interest are stated to have received notice of this audit.

A waiver of an income accounting has been submitted and is annexed.

The account shows a balance of
principal of ..................... $183,473.14
Less credit for administrative costs
requested on counsel's appearance
slip ................................. 50.00
Leaving a balance of ............... $183,423.14
which, together with any income received to time of actual distribution, is awarded to John M. Dunlap, Jr.

All awards are subject to such distributions as have heretofore been properly made.

Leave is granted to the accountants to make all transfers and assignments necessary to effect distribution in accordance with this adjudication.

And now, November 29, 1974, the account is confirmed nisi.